Donald R. PACK et ux., Petitioners,

v.

The CITY OF FORT WORTH, Respondent.

No. B–6965.

Supreme Court of Texas.

Nov. 2, 1977.

Charles D. Yarbrough, Bedford, for petitioners.

S. J. Johndroe, Jr., City Atty., John F. Gray, Asst. City Atty., Fort Worth, for respondent.

PER CURIAM.

Donald Pack brought suit against the City of Fort Worth to recover for injuries suffered in a fall during the performance of his employment with the City. The Court of Civil Appeals affirmed summary judgment for the City. 552 S.W.2d 895.

The Court of Civil Appeals affirmed the District Court's judgment on the grounds that a written instrument signed by Pack was a valid release that absolved the City from all liability and that Pack ratified such release by accepting the benefits it provided. In addition the Court grounded affirmance upon a City Ordinance that contained this provision:

By reason of the expansion of the benefits and coverage herein and the additional burdens placed upon the City of Fort Worth and the Fund, it is expressly provided that no member of the Employees' Retirement Fund of the City of Fort Worth shall have the right to sue said City for total disability sustained in line of duty, as heretofore defined, and by virtue of becoming a member he or she accepts the benefits provided by the Employees' Retirement Fund of the City of Fort Worth in lieu of his or her right at law to sue the City for damages in a court of competent jurisdiction. No heir or legal representative of a member who is injured in line of duty, which injury results in death, shall have the right to sue the City of Fort Worth for damages by reason thereof, but such heir or legal representative shall accept the benefits provided under the Employees' Retirement Fund Ordinances of the City of Fort Worth in lieu of such right to sue for damages in a court of competent jurisdiction.

The judgment of the trial court can be upheld on the first two grounds; therefore, it is not necessary to determine whether the City Ordinance violates Tex.Const. art. I, § 13, which provides in part that: "All Courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have a remedy by due process of law."

The action of this Court is without reference to the Ordinance. Writ of error is refused, no reversible error.