# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-07-00604-CV

**Stephen Maughan, as Guardian for Robert D. Maughan and Chris L. Maughan, Appellant**

**v.**

**Employees Retirement System of Texas, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT**
**NO. D-1-GN-06-000278, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Stephen Maughan, on behalf of his children, appeals the dismissal of his suit for want of prosecution under rule 165a(2) of the Texas Rules of Civil Procedure and section 1551.361 of the Texas Insurance Code. *See* Tex. Ins. Code Ann. § 1551.361 (West 2007); Tex. R. Civ. P. 165a(2). Maughan asserts that his suit should not have been dismissed on either basis because he prosecuted his suit with diligence or showed cause for his failure to do so, and that, to the extent that section 1551.361 of the insurance code required dismissal of his suit, that provision is unconstitutional. He further asserts that, even if dismissal was proper, his suit should have been reinstated. Because the suit was properly dismissed under rule 165a(2) and the trial court did not abuse its discretion in denying Maughan's request to reinstate, we affirm the judgment of the trial court.

## BACKGROUND

Maughan is the court-appointed guardian of Robert and Chris Maughan, the intended beneficiaries of an insurance policy held by their late mother, Kimberly Woodard, who was an employee of the State of Texas. As a state employee, Ms. Woodard's insurance benefits were administered by the Employees Retirement System of Texas ("ERS"). The insurer, Fort Dearborn Life Insurance Company, denied Maughan's claim for accidental death benefits, a decision upheld by ERS after a contested case hearing at the State Office of Administrative Hearings.[1] Maughan sought judicial review of ERS's decision, alleging that it was not supported by substantial evidence. His suit was filed in Travis County district court on January 24, 2006. ERS filed its original answer March 13, 2006.

On May 18, 2006, Maughan requested to have the case assigned to a judge, which was done on May 24, 2006. There is no indication in the record that any party ever requested a trial setting, and there was no further activity in this cause until June 22, 2007, when ERS filed its Motion to Dismiss For Failure to Prosecute Appeal. ERS asserted that Maughan's failure to diligently prosecute his suit by allowing more than twelve months to pass without any activity since ERS first

---

[1] The parties stipulate that Fort Dearborn's denial of benefits was based on a provision of Ms. Woodard's policy excluding coverage for a death that is the direct result of the insured's being under the influence of alcohol. Fort Dearborn and ERS determined that Ms. Woodard, who was killed in a one-car accident, was intoxicated at the time of her death and that her death was the direct result of her intoxication. Maughan initiated separate proceedings in federal court against Fort Dearborn alleging unfair settlement practices, but Fort Dearborn was not a party to the suit underlying this appeal.

made its appearance mandated that his case be dismissed pursuant to section 1551.361 of the insurance code and Texas Rule of Civil Procedure 165a(2).

A brief hearing on ERS's motion was held on July 20, 2007, during which Maughan's counsel explained that any delay in the case was due to his disability, referring the court to the affidavit that he filed with his response. The affiant, Mary Teague, is counsel's psychologist who had been treating him for clinical depression. She stated, "I am aware, because [counsel] has told me so, that he has undertaken little or no action to advance the case in which I am filing this affidavit for over a year," and that it was her opinion that "this inaction has been a direct result of [his] depression."

After counsel made his statement, the court responded, "I don't find any good cause, and at this time the Motion to Dismiss for Want of Prosecution is granted." The order dismissing Maughan's suit without prejudice was signed the same day, and the court subsequently issued findings of facts and conclusions of law. In addition to finding that the "Plaintiff did not proceed to prosecute the case," the court concluded:

1.     Plaintiff has failed to prosecute his suit with reasonable diligence as required under Tex. Ins. Code § 1551.361.[2]

2.     Plaintiff has not been diligent in the prosecution of his suit as required under Tex. R. Civ. P. 165a(2).

---

[2]  Section 1551.361 governs the diligent prosecution of a suit brought by "[a] person aggrieved by a final decision of the Employees Retirement System of Texas in a contested case." Tex. Ins. Code Ann. §§ 1551.359, .361 (West 2007). It provides that an individual must prosecute his suit "with reasonable diligence." *Id.* § 1551.361. Further, the court "shall dismiss the suit on a motion for dismissal made on or behalf of the Employees Retirement System of Texas, unless the plaintiff, after receiving appropriate notice, shows good cause for the delay." *Id.*

3. Through his proffered argument and evidence, Plaintiff failed to show good cause for the delay as provided under Tex. Ins. Code § 1551.003(9-a).[3]

On August 17, 2007, Maughan filed a motion to reinstate. After a hearing on September 13, 2007, the court denied Maughan's motion.[4] This appeal followed.

**STANDARD OF REVIEW**

We review a trial court's action on a motion to dismiss a cause for want of prosecution and the court's failure to reinstate the cause under a clear-abuse-of-discretion standard, the central issue being whether an appellant exercised reasonable diligence, not whether it intended to abandon its claims. *MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997); *State v. Rotello*, 671 S.W.2d 507, 509 (Tex. 1984); *Bevil v. Johnson*, 307 S.W.2d 85, 87 (Tex. 1957). A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner, or without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). "The mere fact that a trial judge may decide a matter within his discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate that an

---

[3] "Good cause" under chapter 1551 of the insurance code means that "a person's failure to act was not because of a lack of due diligence the exercise of which would have caused a reasonable person to take prompt and timely action." *Id.* § 1551.003(9-a). A person's failure to act based on ignorance of the law or facts reasonably discoverable through the exercise of due diligence does not constitute good cause. *Id.*

[4] Following the hearing, Maughan asserted that his motion was erroneously entitled, "Motion to Reinstate," but that it was in fact a "Motion to Reinstate or Motion for New Trial." The trial court disagreed and, in the same order denying the motion to reinstate, denied Maughan's request to redesignate his motion on the basis that the rules of civil procedure allow only for correction of the designation of a misnamed pleading, not the correction of the substance of a pleading. *See* Tex. R. Civ. P. 71. Maughan does not challenge this action on appeal.

4

abuse of discretion has occurred." *Id*. at 242. When called upon to determine whether a trial court abused its discretion in dismissing a suit for failure to prosecute with due diligence, the appellate court must look to the record in its entirety, including the statement of facts, findings of fact and conclusions of law, and the procedural history of the case. *City of Houston v. Thomas*, 838 S.W.2d 296, 297-98 (Tex. App.—Houston [1st Dist.] 1992, no writ).

## DISCUSSION

On appeal, Maughan complains that his suit should not have been dismissed either under section 1551.361 of the insurance code or under rule 165a(2) of the rules of civil procedure. The trial court, in its conclusions of law, expressly set forth that Maughan had failed to diligently prosecute his suit as required by both section 1551.361 and rule 165a(2). We must affirm the trial court's decision if any legal theory for the dismissal is supported by the record. *See Point Lookout West, Inc. v. Whorton*, 742 S.W.2d 277, 278 (Tex. 1987). Because we conclude that Maughan's suit was properly dismissed under rule 165a(2), we need not address his arguments related to dismissal under the insurance code and his related challenges to the constitutionality of section 1551.361. *See, e.g.*, *In re B.L.D.*, 113 S.W.3d 340, 349 (Tex. 2003) ("As a rule, we only decide constitutional questions when we cannot resolve issues on nonconstitutional grounds."); *In re C.H.*, 89 S.W.3d 17, 25 n.1 (Tex. 2002) (declining to address due process question because case could be decided on nonconstitutional grounds); *Pack v. City of Fort Worth*, 557 S.W.2d 771, 772 (Tex. 1977) (per curiam) (unnecessary to decide constitutionality of city ordinance to resolve the case). Thus, we proceed to Maughan's second issue asserting that the trial court erred in dismissing his suit under rule 165a(2).

5

A trial court may dismiss under Rule 165a when a party fails to appear at a hearing or trial or when the case has not been disposed of within the Texas Supreme Court's time standards. *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999).[5] The Texas Supreme Court's Rules of Judicial Administration provide that a civil, non-jury case should be brought to trial or final disposition within twelve months from the appearance date. Tex. R. Jud. Admin. 6(b)(2). It is undisputed that Maughan filed suit in January 2006, ERS answered in March 2006, and the suit was dismissed in July 2007, which is beyond the supreme court's one-year time frame. An unexplained and unreasonable delay in activity in prosecuting a case within the appropriate time standards creates a presumption of abandonment. *See Hosey v. County of Victoria*, 832 S.W.2d 701, 704 (Tex. App.—Corpus Christi 1992, no writ). However, rule 165a(2) does not grant a trial court the absolute right to dismiss a case pending in excess of the supreme court's time frames without regard to any justification for the delay; rather, a trial court may dismiss such a case if the plaintiff does not show good cause for the delay. *See Steward v. Colonial Cas. Ins. Co.*, 143 S.W.3d 161, 164-65 (Tex. App.—Waco 2004, no pet.).

In determining whether dismissal is appropriate, the reviewing court may consider the entire history of the litigation, including the length of time the case was on file, any activity in the case, and any reasonable excuses for delay. *Rotello*, 671 S.W.2d at 509 (Tex. 1984); *Rainbow Home Health, Inc. v. Schmidt*, 76 S.W.3d 53, 56 (Tex. App.—San Antonio 2002,

---

[5] The trial court also has the inherent power to dismiss when the case has not been prosecuted with due diligence. *Veteran's Land Board v. Williams*, 543 S.W.2d 89, 90 (Tex. 1976) ("a court has the inherent power to dismiss a suit for failure to prosecute it with due diligence even without statutory or rule authority").

6

pet. denied).  Maughan urges us to consider the activity in his case against Fort Dearborn, arguing that because he pursued the federal suit with diligence "through September of 2006," there has not been a significant period of inactivity in the instant case to justify dismissal under rule 165a(2).  In the alternative, Maughan asserts that he showed good cause for the delay in his response to ERS's motion to dismiss, attaching the affidavit of his counsel's treating clinical psychologist, Mary Teague, who stated that the inactivity in the case was the direct result of counsel's clinical depression.

ERS argues in response that Maughan cannot rely on the activity in his case against Fort Dearborn to which ERS is not a party, citing *Hasson v. Belin*, No. 13-05-00232-CV, 2007 Tex. App. LEXIS 6765 (Tex. App.—Corpus Christi 2007, pet. denied) (mem. op., not designated for publication).  In *Hasson*, the appellant argued that his case was wrongfully dismissed for want of prosecution and pointed to evidence that he had been actively making efforts to settle "an allegedly related lawsuit" during the period of inactivity.  *Id.* at *6.  The court of appeals rejected appellant's argument "that the trial court should have imputed his action in the companion litigation as diligence," based on the principle that settlement activity does not excuse failure to prosecute diligently.  *Id.* (citing *Federal Deposit Ins. Corp. v. Kendrick*, 897 S.W.2d 476, 481-82 (Tex. App.—Amarillo 1995, no writ); *Texas Soc'y, Daughters of the Am. Revolution, Inc. v. Estate of Hubbard*, 768 S.W.2d 858, 860 (Tex. App.—Texarkana 1989, no writ)).  ERS asserts that the same reasoning should apply in this case, because Maughan is attempting to impute his actions in a different suit, with different parties, filed in federal court, to his lawsuit in state court against ERS.

Significantly, there is no evidence in the record before us pertaining to Maughan's suit against Fort Dearborn in federal court.  Thus, there is no evidence to support his claim of

diligent prosecution in that case and, like our sister court in *Hasson*, we decline to consider what was or might have been done in an "allegedly related lawsuit" when we have no evidence of what actions were in fact taken. *See id.* at *6. Maughan's assertion that there was "a great deal of activity" in the Fort Dearborn case is not evidence that this court can consider in determining whether he was diligent in his prosecution of the case at bar. *See Thomas*, 838 S.W.2d at 297-98 (listing elements that reviewing court may consider in determining whether dismissal for want of prosecution was proper). Moreover, Maughan's contention that there was no delay in his suit against ERS because, "from the point of view of the Plaintiff, the two cases were one," is contradicted by the affidavit he submitted to the trial court. That evidence instead establishes that Maughan's counsel had "undertaken little or no action to advance the case" due to his health condition; this admission is inconsistent with Maughan's position on appeal that he was diligent in his prosecution of the case against ERS as a result of his diligence in the case against Fort Dearborn.

With respect to his argument in the alternative that any failure to prosecute was shown to be for good cause, Maughan again points to his actions in the federal litigation and to Dr. Teague's affidavit—without any further explanation—as evidence that "the delay in the administrative appeal was for reasons other than lack of diligence."[6] As we have stated above, Maughan's actions in another lawsuit of which we have no record, however diligent, have no bearing on whether he exercised diligence or showed good cause for failing to do so in this case. Furthermore, as ERS correctly argues, Maughan did not present any evidence showing that he, rather than his counsel,

---

[6] Although Maughan specifically makes this argument in response to dismissal on the basis of insurance code section 1551.361, in his brief he asserts that the same evidence demonstrates good cause for purposes of rule 165a(2) and refers us to his argument "under Point of Error One."

"was under any disability that prevented him from monitoring, inquiring, and if necessary, replacing his counsel to ensure that the case was diligently prosecuted." Texas law generally attributes the actions of counsel to the client. *See, e.g.*, *Glass v. Anderson*, 596 S.W.2d 507, 509 (Tex. 1980) (noting that "the client is bound by the acts or omissions of the attorney within the scope of the attorney's authority, express, implied, or apparent, in the accomplishment of the purpose for which he was retained"); *Texas Employers Ins. Assoc. v. Wermske*, 349 S.W.2d 90, 95 (Tex. 1961) (holding that counsel "is the agent of the client, and his action or nonaction within the scope of his employment or agency is attributable to the client"); *In re R.B.*, 225 S.W.3d 798, 803 (Tex. App.—Fort Worth 2007, no pet.) ("It is well settled that the attorney-client relationship is an agency relationship; the attorney's acts and omissions within the scope of his or her employment are regarded as the client's acts."). In light of this rule and the record on appeal in this case, the trial court did not abuse its discretion in finding that Maughan did not show good cause for his failure to diligently prosecute his case against ERS.

While we acknowledge that the delay in this case is not as egregious as those wherein cases have languished for ten or twenty years without proceeding to trial, we also note that appellate courts have found no abuse of discretion in a trial court's dismissing a cause for want of prosecution for comparably short periods of inactivity. *See, e.g.*, *Thomas*, 838 S.W.2d at 298 (case pending without activity or reasonable excuse for only one year); *Brim Laundry Mach. Co. v. Washex Mach. Corp.*, 854 S.W.2d 297 (Tex. App.—Fort Worth 1993, writ denied) (case pending for four years, but discovery had only been halted for prior six months); *Bard v. Frank B. Hall & Co.*, 767 S.W.2d 839 (Tex. App.—San Antonio 1989, writ denied) (substantial activity in first thirty months after filing,

but case dormant for eight months prior to dismissal).  The Texas Supreme Court has deemed twelve months to be a reasonable time period for disposing of a case like this, and Maughan failed to show that he diligently prosecuted his case during the period of thirteen to fourteen months after he filed suit.  We cannot say that the trial court abused its discretion in dismissing the case pursuant to Rule 165a(2).  Maughan's second issue is overruled.

As discussed previously, we need not reach Maughan's first issue regarding whether his case was also properly dismissed under the insurance code.  We note, however, his assertion under the heading of his first issue that the trial court lacked subject-matter jurisdiction to dismiss his appeal under section 1551.361 because the administrative record had not yet been filed.  Although subject-matter jurisdiction is an issue that can be raised for the first time on appeal, *see University of Tex. Sw. Med. Ctr. v. Loutzenhiser*, 140 S.W.3d 351, 358 (Tex. 2004), we disagree that the court lacked subject-matter jurisdiction in this case.  Maughan cites no authority, nor have found any, to support his assertion that jurisdiction over "the subject matter of an administrative appeal does not attach until the record is filed."  On the contrary, the district court acquires subject-matter jurisdiction upon the filing of the defendant's original answer to a claimant's petition challenging a denial of a claim by ERS.  *Employees' Ret. Sys. of Tex. v. McKillip*, 956 S.W.2d 795, 799 (Tex. App.—Austin 1997, no pet.) *overruled in part on other grounds*, *Texas Natural Res. Conservation Comm'n v. Sierra Club*, 70 S.W.3d 809 (Tex. 2002).  Under the Administrative Procedure Act, the agency is responsible for sending the administrative record to the reviewing court "within the time permitted for filing an answer or within additional time allowed by the court"—which, according to Travis County local rules, allows the agency to file the administrative

record as late as the day designated for the hearing on the merits. *See* Tex. Gov't Code Ann. § 2001.175(b) (West 2000); Travis County Dist. Cts. Loc. R. 10.6 ("If the administrative record has not been filed in advanced of the designated hearing date, counsel for the agency shall be responsible for having the administrative record in the courtroom at the time of the hearing.").[7] Accordingly, we disagree that the order of the district court is void for lack of subject-matter jurisdiction.

In his third issue, Maughan contends that his case should have been reinstated. When determining whether the trial court abused its discretion in refusing reinstatement, we review the entire record and determine whether the evidence was sufficient to find that the failure of the party was not due to accident, mistake, or other reasonable explanation. *See Texas Dep't of Pub. Safety v. Deck*, 954 S.W.2d 108, 112 (Tex. App.—San Antonio 1997, no writ). "The court shall reinstate the case upon finding after a hearing that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained." Tex. R. Civ. P. 165a(3). The party requesting reinstatement has the burden to bring forth a record establishing that reinstatement was required. *Kenley v. Quintana Petroleum Corp.*, 931 S.W.2d 318, 321 (Tex. App.—San Antonio 1996, writ denied).

Maughan's argument with respect to reinstatement is devoted entirely to a discussion of whether the reinstatement procedures of rule 165a(3) apply to dismissals under rule 165a(2). He makes no attempt, however, to apply the reinstatement analysis to the facts of this case or cite

---

[7] When faced with an argument similar to the one Maughan now raises, this Court has previously held that "neither section 2001.175 nor case law requires that the administrative record be on file" before a decision may be rendered. *See Gwozdz v. Texas Educ. Agency*, No. 03-00-00017-CV, 2000 Tex. App. LEXIS 5848, at *4 (Tex. App.—Austin 2000, pet. denied) (mem. op., not designated for publication).

evidence that the trial court failed to consider in determining the reason for his failure to prosecute his case. Nor is it apparent from our review of the record that Maughan presented such evidence that his failure to prosecute his case was due to an accident or mistake, or that it was otherwise reasonably explained. Thus, we conclude that Maughan failed to carry his burden by showing why reinstatement of his case was required, and we overrule his third issue.

## CONCLUSION

We have determined that Maughan's suit was properly dismissed under rule 165a(2) of the rules of civil procedure, and thus we do not decide whether dismissal was also proper under section 1551.361 of the insurance code or whether section 1551.361 is unconstitutional. Because the suit was properly dismissed and the trial court did not abuse its discretion in denying Maughan's request to reinstate, we affirm the judgment of the trial court.

_____

Diane M. Henson, Justice

Before Justices Patterson, Puryear and Henson

Affirmed

Filed:  August 1, 2008