**CITY OF HOUSTON and Houston Independent School District, Appellants,**

**v.**

**Johnnie ROBINSON, Appellee.**

**No. 01–91–00873–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 31, 1992.

---

Joyce A. Langenegger, Houston, for appellants.

Johnnie Robinson, Houston, for appellee.

Before OLIVER–PARROTT, C.J., and JACKSON B. SMITH [1], Retired Justice (Sitting by Assignment), and FRANK C. PRICE [2], Former Justice (Sitting by Assignment).

## OPINION

OLIVER–PARROTT, Chief Justice.

This is an appeal from the dismissal for want of prosecution of property tax collection suits filed by the City of Houston and the Houston Independent School District.

Appellants assert in one point of error that the trial court abused its discretion in the dismissal of the suit for two reasons: Tex.R.Civ.P. 165a prohibits the dismissal of any case until 12 months after the answer date, and, even if dismissal were permissible in certain circumstances, the facts do not support dismissal in this particular case. We disagree with appellants' asser-

---

[1]. The Honorable Jackson B. Smith, retired justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

[2]. The Honorable Frank C. Price, former justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

tions and affirm the judgment of the trial court.

Appellants argue that the dismissals violated the applicable time standard for dismissal for want of prosecution. Rule 165a of the Texas Rules of Civil Procedure provides "[a]ny case not disposed of within time standards promulgated by the Supreme Court under its Administrative Rules may be placed on a dismissal docket." Rule 6b(2) of the Rules of Judicial Administration provides that civil, nonjury cases should be brought to trial or final disposition "within 12 months from appearance date." Texas Supreme Court, Rules of Judicial Administration, Rule 6b(2) (1987). Appellants assert that because the defendant has not been served and therefore has no appearance date, the 12-month period has not run.

■ This assertion assumes that TEX. R.CIV.P. 165a(2) is the only authority for dismissing cases for want of prosecution, when, in fact, there are three. A trial court may dismiss a case for want of prosecution (1) when a party fails to appear at a hearing or trial, rule 165a(1); (2) when the case has not been disposed of within the supreme court's time standards, rule 165a(2); and (3) by the court's inherent power to dismiss when the case has not been prosecuted with due diligence. *Veterans' Land Board v. Williams*, 543 S.W.2d 89, 90 (Tex.1976) ("[r]ule 164a is not the exclusive authority by which the trial court derives its authority or discretion to dismiss a cause of action.... We have held that a court has the inherent power to dismiss a suit for failure to prosecute it with due diligence even without statutory or rule authority."); *Ozuna v. Southwest Bio-Clinical Laboratories*, 766 S.W.2d 900, 901 (Tex.App.—San Antonio 1989, writ denied). Rule 165a(4) quite clearly states that the dismissal procedure described therein is "cumulative of the rules and laws governing any other procedures available."

Since the trial court has the inherent power to dismiss, such matters being within its judicial discretion, it is subject to review only for a clear abuse of discretion.

*Veterans' Land Board,* 543 S.W.2d at 89 (citing *Sandstrum v. Magruder,* 510 S.W.2d 388 (Tex.Civ.App.—Houston [1st Dist.] 1974, writ ref'd n.r.e.)).

■ Because the record does not contain findings of facts or conclusions of law, and the trial court did not specify the standard of dismissal used, we must affirm on the basis of any legal theory supported by the record. *Ozuna,* 766 S.W.2d at 901. Because nothing in the record shows that appellants failed to appear at a hearing or trial, we conclude that appellants' failure to appear was not the basis for the trial court's ruling.

■ As expressed above, a trial court has the express and inherent power to dismiss cases not prosecuted with due diligence. *State v. Rotello,* 671 S.W.2d 507, 508–509 (Tex.1984); *NASA I Business Ctr. v. American Nat'l Ins. Co.,* 747 S.W.2d 36, 37 (Tex.App.—Houston [1st Dist.] 1988) *writ denied per curiam,* 754 S.W.2d 152 (Tex.1988); TEX.R.CIV.P. 165a. The trial court may consider the entire history of the case, including the length of time the case was on file, the amount of activity in the case, the request for a trial setting, and the existence of reasonable excuses for delay. *Rotello,* 671 S.W.2d at 509; *NASA I Business Ctr.,* 747 S.W.2d at 37; *Frenzel v. Browning-Ferris Indus., Inc.,* 780 S.W.2d 844, 845 (Tex.App.—Houston [14th Dist.] 1989, no writ). No single factor is dispositive. *Ozuna,* 766 S.W.2d at 901.

■ The central question is whether appellants exercised due diligence in prosecuting the case. *Stromberg Carlson Leasing Corp. v. Central Welding Supply Co.,* 750 S.W.2d 862, 864 (Tex.App.—Houston [14th Dist.] 1988, no writ). An appellant's assertion at a dismissal hearing that it did not intend to abandon the case is immaterial. *Levermann v. Cartall,* 715 S.W.2d 728, 729 (Tex.App.—Texarkana 1986, writ ref'd n.r.e.). Intent to abandon is not the test when the trial court is determining whether to abandon a case for want of prosecution. *Ozuna,* 766 S.W.2d at 902; *Phillips v. Welch,* 749 S.W.2d 286, 289 (Tex.App.—Ft. Worth 1988, no writ).

When called upon to determine whether or not the trial court committed a clear abuse of discretion, we must look at the record in its entirety. The record before us is quite limited. Not only do we have no findings or conclusions from the court below, but we also have no statement of facts. The procedural history of the case can be gleaned from the transcript.

The petition was filed by appellants on June 29, 1990. Johnnie Robinson was named as a defendant; citation was requested and was subsequently issued on July 10, 1990. The citation was returned unserved on July 23, 1990, with a notation by the officer that there was no one at the designated address by that name. After appellants had been given timely notice of the court's intention to dismiss, the case was then dismissed on June 19, 1991. The only activity on the case was a motion to retain filed prior to dismissal. That motion, however, in no way attempts to explain the reason for the inactivity in the file and was merely a recitation of the law and a request that the case be retained because appellants wished to pursue their cause of action.

Other than the initial filing of the petition and request for service, there is absolutely no activity by appellants showing diligence in the prosecution of the suit. The record contains no reasonable excuses to justify the lack of service during the pendency of these cases, nor is there evidence in the record showing the diligence used, if any, in locating the defendant.

Appellants argue that the trial court abused its discretion by dismissing cases that had been pending for only one year. Appellants cite no authority to support such an absolute position.

We further note that the dismissal of these cases does not prevent appellants from refiling them. *Rizk v. Mayad*, 603 S.W.2d 773, 775 (Tex.1980) (a litigant may refile an action that has been dismissed for want of prosecution, since the merits of such an action remain undecided). Further, the limitations period for property tax suits is 20 years. TEX.TAX CODE ANN. § 33.-05(1)(2) (Vernon 1982).

Appellants have not shown that the trial court clearly abused its discretion.

We overrule appellants' sole point of error and affirm the judgment.