# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00378-CV

**Edith Fontenot, Appellant**

**v.**

**Britt Brookshire, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT
### NO. GN100405, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Edith Fontenot[1] appeals from the trial court's dismissal of her case for want of prosecution. Because the trial court did not abuse its discretion in dismissing this case, we affirm the judgment of dismissal.

### Procedural History

In February 2001, Fontenot filed her original petition suing the Texas Workforce Commission (TWC) and Britt Brookshire for race and gender discrimination under Title VII, violations of the Equal Pay Act, and state law claims of harassment, negligence, and fraud. In March

---

[1] Fontenot represents herself pro se. We view pro se pleadings with "liberality and patience" to seek the substance of the complaint. *Aguilar v. Stone*, 68 S.W.3d 1, 1-2 (Tex. App.—Houston [1st Dist.] 1997, orig. proceeding) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). However, pro se status does not excuse a litigant from complying with applicable rules of procedure. *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975); *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978).

2001, the TWC and Brookshire answered, raised affirmative defenses, and filed a notice of removal to the United States District Court for the Western District of Texas. That court dismissed Fontenot's federal Title VII and Equal Pay Act claims and remanded her state law claims.[2] In August 2001, Fontenot filed a first amended petition in Travis County District Court adding claims that the TWC and Brookshire had violated her right to due process under the United States and Texas Constitutions. The TWC then filed a plea to the jurisdiction that was granted February 21, 2002. The TWC was severed from this lawsuit, and the suit against it was assigned a new cause number.[3]

No further activity occurred in the case until March 2005, when the trial court sent notice to the parties indicating that Fontenot's case would be dismissed for want of prosecution on April 15, 2005, unless a motion to retain was filed before that date. A copy of Fontenot's motion to retain was received, but not filed, by the Travis County Court Administrator's Office on April 13, 2005.[4] On April 22, 2005, Brookshire filed her response in opposition to the motion to reinstate.

On May 9, 2005, the trial court signed an order dismissing Fontenot's case for want of prosecution. Although Fontenot's motion to reinstate was untimely filed on June 15, 2005, and was not verified, she nevertheless timely perfected her appeal by filing a notice of appeal on June 8,

---

[2] Fontenot appealed the dismissal. However, her appeal was dismissed by the Fifth Circuit Court of Appeals on December 6, 2001, for want of prosecution.

[3] At this point, an appealable judgment against the TWC existed, either as an interlocutory appeal (grant or denial of a plea to the jurisdiction, Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West Supp. 2006)), or as a final judgment in the severed cause (dismissal of all claims against the TWC).

[4] Under the Travis County Local Rules, the motion to retain was due at least three working days prior to the date specified in the notice of dismissal for want of prosecution. Travis County Dist. Cts. Loc. R. 8.5(a). The motion must contain a memorandum of factual and legal reasons for why the case should not be dismissed. *Id*. R. 8.5(b). Fontenot's motion met neither requirement.

2005.[5]  On appeal, Fontenot contends that the trial court erred in dismissing her case for want of prosecution.[6]

## Dismissal for Want of Prosecution

A trial court's decision to dismiss a cause of action for want of prosecution is reviewed under an abuse of discretion standard. *MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997). A trial court abuses its discretion if its decision is arbitrary, unreasonable, and without any reference to authority, guiding rules, or principles. *Mercedes-Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664, 666 (Tex. 1996).

A trial court may dismiss a lawsuit for want of prosecution under either Rule 165a of the Texas Rules of Civil Procedure or its inherent power. *Villarreal v. San Antonio Truck*

---

[5]  A motion to reinstate must be verified. Tex. R. Civ. P. 165a(3). An unverified motion to reinstate does not extend the appellate timetable. *See McConnell v. May*, 800 S.W.2d 194, 194 (Tex. 1990).

[6]  Fontenot lists eight issues in her brief with her challenge to the dismissal being the first issue. However, the other seven issues were not mentioned again and so are waived because not briefed at all. *See generally* Tex. R. App. P. 38. Further, some of the issues are relevant to orders for which the time for appeal has lapsed. We overrule issues two through eight in which Fontenot asserts: defendants abused their discretion when they removed the lawsuit to federal court when the federal statute of limitation had expired; the court erred in not declaring a default judgment for defendants' failure to answer plaintiff's amended petition; the court erred in failing to reverse the order to sever the Texas Workforce Commission from the lawsuit and when it did not reverse the order for dismissal for want of jurisdiction when defendants did not provide adequate notice (at least three days) of the hearing on the plea to the jurisdiction or the severance of one of the defendants; the court erred when it did not consider that the defendants may have abused the U.S. Postal service to facilitate the failure to give adequate notice for the hearing; the court erred when it refused to recognize, correct and sanction defendants' abuse of litigation strategies; the removal to federal court was erroneous because the EEOC procedures allowed the suit to be filed in Federal or State court; and the court erred when it failed to inform plaintiff of the order that was entered during the hearing on the defendant's plea for jurisdiction and motion to sever.

*& Equip.*, 994 S.W.2d 628, 630 (Tex. 1999). These sources provide three grounds for dismissal. *Id.*; *Bilnoski v. Pizza Inn, Inc.*, 858 S.W.2d 55, 57 (Tex. App.—Houston [14th Dist.] 1993, no writ). A trial court may dismiss under Rule 165a when a party fails to appear at a hearing or trial or when the case has not been disposed of within the Texas Supreme Court's time standards. *Villarreal*, 994 S.W.2d at 630. The Texas Supreme Court's Rules of Judicial Administration provide that a civil jury case should be brought to trial or final disposition within eighteen months from the appearance date. Tex. R. Jud. Admin. 6(b)(1). A trial court also has inherent power to dismiss a case for want of prosecution when a party files a lawsuit and then fails to prosecute the claim to judgment with due diligence. *Villarreal*, 994 S.W.2d at 630; *City of Houston v. Robinson*, 837 S.W.2d 262, 264 (Tex. App.—Houston [1st Dist.] 1992, no writ).

In considering the question of due diligence, a court may examine the entire history of the litigation. No single factor is dispositive of a trial court's decision to dismiss a case for want of prosecution. *Robinson*, 837 S.W.2d at 264. Factors generally considered by the trial court before dismissing a case include: (1) the length of time the case has been on file; (2) the extent of activity in the case; (3) whether a trial setting was requested; and (4) the existence of a reasonable excuse for the delay. *See id.*

In this case, Fontenot filed her original petition in February 2001. The case was removed in March 2001; the state law claims were remanded in June 2001. Fontenot filed her first amended petition in August 2001. TWC's plea to the jurisdiction was filed, Fontenot responded, and the plea was granted in February 2002. There was no further activity in the case over the next three years until the court issued its notice setting the case for dismissal.

Factors other than the case's three-year dormancy showed a lack of due diligence. For example, it did not appear that Fontenot had attempted to engage in discovery or ever requested a trial setting. Her excuse in her late-filed and unverified motion to reinstate basically said that she did not understand much of the court processes and vaguely accused the defense of causing some of the delay and of "manipulating" the mail. *See Robinson*, 837 S.W.2d at 264 (factors in dismissing for want of prosecution). Considering the above factors, the trial court did not abuse its discretion in dismissing the case under Rule 165a's time standards provision or under its inherent power.

The trial court also acted properly under the Travis County Local Rules. Under Travis County Local Rule 8.1, the district court may place a case on the dismissal docket when the case has been on file for more than eighteen months, has not been set for trial, and has not had any filings in 180 days. Fontenot's case met the above criteria; in fact, there had been no filings in her case for thirty-six months.

## Conclusion

We hold that the trial court did not abuse its discretion in dismissing the case for want of prosecution. Having overruled appellant's issues, we affirm the trial court's judgment.

 

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Pemberton and Waldrop

Affirmed

Filed: June 12, 2007