NUMBER 13-05-00232-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


TED HASSON, Appellant,


v.
 


GREG BELIN, INDIVIDUALLY AND AS TRUSTEE

FOR THE BELIN JOINT LIFE INSURANCE TRUST

AND WESTERN RESERVE LIFE ASSURANCE

CO., Appellee.

 


On appeal from the 333rd District Court of Harris County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Benavides and Vela


Memorandum Opinion by Chief Justice Valdez



 Ted Hasson appeals from the trial court's dismissal of his case for want of
prosecution. By a single issue, Hasson contends that the trial court erred in not granting
his motion to reinstate the suit. We affirm the judgment of dismissal.

I. BACKGROUND (1)

 The underlying suit stems from the sale of a large life insurance policy. As an
insurance agent for Western Reserve Life Assurance Company of Ohio ("WRL"), Hasson
sold Greg Belin a thirty-million dollar life insurance policy. Belin tendered an initial
premium of $1,787,847.08 upon applying for the policy, but he ultimately decided to cancel
the policy. The policy provided for a "free look" period during which it could be examined
and cancelled at Belin's discretion. Belin claimed he cancelled the policy during the "free
look" period and sought a refund of his initial premium. A dispute arose as to the timing
of the policy's issuance and Belin's cancellation. 

 On July 17, 2000, Belin brought suit against Hasson and WRL. Hasson answered,
filed cross-claims against WRL, and filed counterclaims against Belin. By February 27,
2001, an agreed order dismissing Belin's claims against WRL was signed. After the
agreed dismissal, the only active claims in the case were Belin's claims against Hasson
and Hasson's claims against Belin and WRL. WRL then moved to compel Hasson's
claims to arbitration; Belin joined WRL's motion to compel arbitration. The trial court
ordered Hasson, WRL, and Belin to arbitration and stayed all proceedings on October 1,
2001. 

 On February 16, 2004, the trial court sent a form letter to the parties asking them
for a status report. Belin then moved to dismiss all claims and causes of action asserted
by any party for want of prosecution. In his motion, Belin argued that Hasson pursued his
claims in a companion case and had not engaged in the arbitration process since ordered
to do so in 2001. The trial court granted Belin's motion and issued an order of dismissal
("the judgment"). Hasson filed a verified motion to reinstate, claiming that his failure to
engage in arbitration was because he was involved in related litigation in another court and
anticipated resolution of the related litigation would resolve his dispute with Belin and WRL. 
The trial court denied Hasson's motion to reinstate. This appeal ensued.

II. DISCUSSION

 Hasson's sole issue on appeal is that the trial court abused it's discretion in failing
to grant his motion to reinstate. In his verified motion to reinstate, Hasson argues to the
trial court that he did not fail to prosecute his claims because he pursued resolution of his
dispute in companion litigation. Attached to his motion is an affidavit by Hasson's former
counsel stating that:

 5. [S]ince the time the Court in the Belin matter issued an order
compelling arbitration, undersigned continued to diligently defend Mr.
Hasson against the Belin claims as well as the claims in the Pai
[companion] case, albeit in the context of the Pai matter, in an effort
to effectuate a settlement of the Belin Claim as well as the Pai clam;


 * * *


 7. That [WRL], co-defendant with Hasson in the Belin matter,
participated in [sic] mediations and at one point made a settlement
offer which included the resolution of the Belin matter in the context
of the Pai case.


Essentially, Hasson asks us to impute his action in companion litigation as diligence in the
Belin suit. (2) 

A. Standard of Review

 We review an order denying a motion to reinstate under an abuse of discretion
standard. See Smith v. Babcock & Wilcox Constr. Co., 913 S.W.2d 467, 468 (Tex.1995)
(per curiam). "A trial court abuses its discretion if it acts in an arbitrary or unreasonable
manner without reference to any guiding rules or principles." Walker v. Gutierrez, 111
S.W.3d 56, 62 (Tex. 2003). 

B. Applicable Law: Dismissal for Want of Prosecution

 A trial court may dismiss a lawsuit for want of prosecution under either Rule 165a
of the Texas Rules of Civil Procedure or its inherent power. Villarreal v. San Antonio Truck
& Equip., 994 S.W.2d 628, 630 (Tex. 1999). A trial court may dismiss under Rule 165a
when a party fails to appear at a hearing or trial or when the case has not been disposed
of within the Texas Supreme Court's time standards for disposition. Id. at 630. The Texas
Supreme Court's Rules of Judicial Administration provide that a civil jury case should be
brought to trial or final disposition within eighteen months from the appearance date. Tex.
R. Jud. Admin. 6(b)(1). A trial court also has inherent power to dismiss a case for want of
prosecution when a party files a lawsuit and then fails to prosecute the claim to judgment
with due diligence. Villarreal, 994 S.W.2d at 630; City of Houston v. Robinson, 837 S.W.2d
262, 264 (Tex. App.-Houston [1st Dist.] 1992, no writ).

 In considering the question of due diligence, a court may examine the entire history
of the litigation. No single factor is dispositive of a trial court's decision to dismiss a case
for want of prosecution. Robinson, 837 S.W.2d at 264. Factors generally considered by
the trial court before dismissing a case include: (1) the length of time the case has been
on file; (2) the extent of activity in the case; (3) whether a trial setting was requested; and
(4) the existence of a reasonable excuse for the delay. See id.

C. Analysis

 The time line of this case is clear. Belin filed suit on July 17, 2000. Hasson's
counter and cross-claims were asserted on November 16, 2000. The entire case was
ordered to arbitration on October 1, 2001. No appeal from the arbitration order was made. 
The case languished on the trial court's docket until December 14, 2004, when it was
dismissed for want of prosecution. In December 2004, the trial court confronted a case
that had remained on its docket for over three years and had no activity regarding the
arbitration process that the court had ordered.

 The only excuse presented to the trial court was the prospect of a settlement that
was outside of the court ordered arbitration process and in an allegedly related lawsuit. 
However, settlement activity does not excuse failure to prosecute diligently. F.D.I.C. v.
Kendrick, 897 S.W.2d 476, 481-82 (Tex. App.-Amarillo 1995, no writ); Tex. Soc'y.,
Daughters of the Am. Revolution, Inc. v. Estate of Hubbard, 768 S.W.2d 858, 860 (Tex.
App.-Texarkana 1989, no writ). Thus, Hasson's argument that the trial court should have
imputed his action in the companion litigation as diligence in this case fails. A review of the
entire record and the Robinson factors considered by the trial court reveals no abuse of
discretion.

 The Robinson factors coupled with the state of the record supports the trial court's
decision. Our procedural rules, see Tex. R. Civ. P. 165a(3) (providing that a trial court shall
reinstate the case upon finding after a hearing that the failure of the party or his attorney
was not intentional or the result of conscious indifference but was due to an accident or
mistake or that the failure has been otherwise reasonably explained), and the common law
dictate that a plaintiff seeking to have his case reinstated must present evidence at a
hearing, or the trial court's dismissal will be affirmed on appeal. See, e.g., MacGregor v.
Rich, 941 S.W.2d 74, 76 (Tex. 1997); Balla v. Northeast Lincoln Mercury, 717 S.W.2d 183,
185 (Tex. App.-Fort Worth 1986, no writ); see also Frank v. Canavati, 612 S.W.2d 221,
222-23 (Tex. App.-San Antonio 1980, writ ref'd). 

 Hasson has not presented us with a reporter's record. We cannot ascertain whether
a hearing was held, much less what evidence was presented to the trial court in addition
to the affidavit attached to Hasson's verified motion to reinstate. Hasson, therefore, has
not carried his burden of proof.

 We hold that the trial court did not abuse its discretion in denying his motion to
reinstate. Hasson's sole issue is overruled.

 III. CONCLUSION

 The judgment of the trial court is affirmed. Tex. R. App. P. 43.2(a).





 _______________________

 ROGELIO VALDEZ,

 Chief Justice



Memorandum Opinion delivered and filed 

this the 23rd day of August, 2007.

 
1. The record consists of the clerk's record and various supplements to the clerk's record. No
reporter's record has been filed.
2. Although Hasson's issue implicitly attacks the trial court's dismissal for want of prosecution, he
focuses his appellate argument on trial court's denial of his motion to reinstate. We will, therefore, engage
only that argument. Tex. R. App. P. 47.1.