Opinion issued December 4, 2008











In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00925-CV






RALPH O. DOUGLAS, Appellant


V.


ELISE SELMA DOUGLAS, Appellee






On Appeal from the 257th District Court

Harris County, Texas

Trial Court Cause No. 2005-80531






MEMORANDUM OPINION

 Appellant, Ralph O. Douglas, appeals from the trial court's order dismissing
his bill of review for want of prosecution. In six issues, he alleges the trial court
abused its discretion.

 We affirm.

Background


 In his pro se appeal, appellant challenges the trial court's dismissal for want of
prosecution of the bill of review he filed from his divorce proceedings from appellee,
Elise Selma Douglas. Appellant alleges that a certain property located in Harris
County, Texas, was his separate property and was improperly awarded to Elise in
their divorce. Although the divorce decree is not in the record, in his petition for bill
of review, appellant states that "on May 29, 2001, this court signed its order on the
final decree of divorce." Appellant's petition for bill of review was filed on
December 21, 2005, more than four years after the final divorce decree. It was not
verified. It was accompanied by a document called, "Affidavit of Ralph O. Douglas
for Bill of Review," which is not notarized and does not include an unsworn
declaration See Tex. Civ. Prac. & Rem. Code Ann. § 132.003 (Vernon 2005). It
does not allege particular facts that would show that the original divorce decree was
rendered as a result of fraud, accident, or wrongful act of his ex-wife or official
mistake. Rather, it alleges official error on the part of the court clerk after the
rendition of the final divorce decree, and it includes conclusory statements that the
court "divested plaintiff of his separate property" without alleging specific facts that
would prove the separate property character of the property at issue. Appellant states
in his brief that on March 25, 2006, the trial court issued a scheduling order with
intent to dismiss. In his brief, appellant also states that he responded to all of the
court's bases for dismissal in its Notice of Intent to Dismiss, but no such response is
included in the clerk's record. 

 On August 30, 2006, two days after a hearing, the trial court dismissed
appellant's bill of review for want of prosecution. On September 18, 2006, appellant
filed an unverified motion to reinstate, and a request for findings of fact and
conclusions of law. On October 13, 2006, appellant filed his notice of past due
findings of fact and conclusions of law. The record does not include any findings of
fact or conclusions of law. 

 In six issues, appellant challenges the trial court's (1) dismissal of his bill of
review for want of prosecution, (2) denial of his motion to reinstate, by operation of
law and without a hearing, and (3) failure to provide findings of fact and conclusions
of law in response to appellant's request.

Standard of Review

 The standard of review of a trial court's dismissal for want of prosecution and
denial of a motion to reinstate is abuse of discretion. MacGregor v. Rich, 941 S.W.2d
74, 75 (Tex. 1997) (dismissal for want of prosecution); Smith v. Babcock & Wilcox
Const. Co., 913 S.W.2d 467, 467 (Tex. 1995) (denial of motion to reinstate); Nawas
v. R & S Vending, 920 S.W.2d 734, 737 (Tex. App.--Houston [1st Dist.] 1996, no
writ) (dismissal for want of prosecution and denial of motion to reinstate). An abuse
of discretion occurs if the trial court acts without reference to any guiding rules or
principles or acts in an arbitrary or unreasonable manner. Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241 (Tex. 1985).

Dismissal for Want of Prosecution

 Issues 1 and 5 assert that the trial court abused its discretion by dismissing his
bill of review for want of prosecution. Issue 4 asserts that the trial court abused its
discretion by dismissing his case for want of prosecution without a hearing. 

 A trial court may dismiss a case for want of prosecution: (1) when a party fails
to appear at a hearing or trial; (2) when the case has not been disposed of within the
supreme court's time standards; and (3) by the court's inherent power to dismiss
when the case has not been prosecuted with due diligence. Tex. R. Civ. P. 165a(1),
(2); Villarreal v. San Antonio Truck & Equip., 994 S.W.2d 628, 630 (Tex. 1999); City
of Houston v. Thomas, 838 S.W.2d 296, 297 (Tex. App.--Houston [1st Dist.] 1992,
no writ) (citing Veteran's Land Bd. v. Williams, 543 S.W.2d 89, 90 (Tex. 1976)). The
trial court must give a party notice and an opportunity to be heard before it dismisses
a case for want of prosecution under its inherent authority. Villarreal, 994 S.W.2d
at 630. The trial court may consider the entire history of the case, including the
length of time the case was on file, the amount of activity in the case, the request for
a trial setting, and the existence of reasonable excuses for delay. City of Houston v.
Robinson, 837 S.W.2d 262, 264 (Tex. App.--Houston [1st Dist.] 1992, no writ)
(emphasis added).

 The order of dismissal states that all counsel and pro se parties were ordered
to appear before the court on August 28, 2006 to show cause why the case should not
be dismissed. The case had been on file for eight months with no activity except for
the filing of appellant's original petition for bill of review, his motion for summary
judgment, and his motion for a bench warrant or video or telephone conference for
a January 2006 hearing. The record shows no other activity in the case--no request
for a trial setting and no request for a hearing on appellant's motion for summary
judgment. The dismissal order further recites that the court found "that good cause
was not shown to retain the above-referenced cause." We hold that the trial court did
not abuse its discretion when it acted within its inherent power to dismiss this case. 
We overrule issues 1, 4, and 5.

Motion to Reinstate

 Issues 2 and 3 assert that the trial court abused its discretion by failing to hold
a mandatory hearing on his "verified motion to reinstate." "A motion to reinstate
shall set forth the grounds therefor and be verified by the movant or his attorney. It
shall be filed with the clerk within 30 days after the order of dismissal is signed." 
Tex. R. Civ. P. 165a(3) (emphasis added). "A proper motion to reinstate must be
verified and filed with the clerk within 30 days of the signing of the order of
dismissal." McConnell v. May, 800 S.W.2d 194, 194 (Tex. 1990). Appellant did not
file a verified motion to reinstate within 30 days of the signing of the order of
dismissal. See id. (unverified motion to reinstate not sufficient to extend court's
plenary power under Rule 165a). The trial court was not required to hold a hearing. 
We overrule issues 2 and 3.

Findings of Fact and Conclusions of Law

 In his sixth issue, appellant contends that the trial court abused its discretion
by not filing findings of fact and conclusions of law. Appellant filed a timely request
for findings of fact and conclusions of law pursuant to Rule 296 of the Rules of Civil
Procedure. Tex. R. Civ. P. 296. He then timely filed a notice of past due findings of
fact and conclusions of law pursuant to Rule 297 of the Rules of Civil Procedure. 
Tex. R. Civ. P. 297. The trial court did not file any findings of facts or conclusions
of law. 

 "When properly and timely requested, the trial court has a mandatory duty to
file findings of facts and conclusions of law." Glass v. Williamson, 137 S.W.3d 114,
117-18 (Tex. App.--Houston [1st Dist.] 2004, no pet.) (citing Cherne Indus. v.
Magallanes, 763 S.W.2d 768, 772 (Tex. 1989)). If the trial court ignores this duty,
"harm to the complaining party is presumed unless the contrary appears on the face
of the record." Tenery v. Tenery, 932 S.W.2d 29, 30 (Tex. 1996). The test for harm
resulting from a trial court's failure to file findings of fact and conclusions of law is
whether a party must try to guess the reasons the trial court ruled against it. See Carr
v. Hubbard, 664 S.W.2d 151, 153 (Tex. App.--Houston [1st Dist.] 1983, writ ref'd
n.r.e.) (citing Fraser v. Goldberg, 552 S.W.2d 592 (Tex. Civ. App.--Beaumont 1977,
writ ref'd n.r.e.)).

 Here, the order of dismissal states, "Finding that good cause was not shown to
retain the above-referenced cause, IT IS ORDERED, ADJUDGED AND DECREED
that this cause is hereby DISMISSED for WANT OF PROSECUTION." No request
for a bench warrant or to participate in the hearing by telephone or other means at the
August 2006 hearing is in the record. It is clear that the trial court dismissed
appellant's case for want of prosecution because he failed to show cause why the
court should retain the case on its docket. Appellant did not have to guess why his
case was dismissed for want of prosecution, because this statement makes it clear that
it was dismissed under the court's inherent power to dismiss a case that has not been
prosecuted with due diligence and not because of failure to appear or to comply with
time standards. See Tex. R. Civ. P. 165a(1), (2); Villarreal, 994 S.W.2d at 630;
Thomas, 838 S.W.2d at 297. Under these circumstances, we conclude that appellant
was not harmed by the trial court's failure to file findings of fact and conclusions of
law. We overrule appellant's sixth issue.

Conclusion

 We affirm the judgment of the trial court.




 Sam Nuchia

 Justice


Panel consists of Justices Nuchia, Higley, and Wilson. (1)

1. The Honorable Davie L. Wilson, retired Justice, First Court of Appeals, participating by
assignment.