Opinion issued November 17, 2011.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00913-CV

———————————

Donald L. Childress, Appellant

V.

Casa Del Mar
Association, Inc.,
Appellee



 



 

On Appeal from the County Court at Law Number 2

Galveston County, Texas



Trial Court Case No. 61,153

 



 

MEMORANDUM OPINION

Appellant Donald Childress, a unit
owner of the Casa Del Mar Condominiums, sued appellee
Casa Del Mar Association, Inc. and individual members of its board for declaratory
and injunctive relief against the enforcement and validity of a special
assessment levied by the Association.  In
two issues, Childress argues that the trial court (1) erred by granting the
Association’s motion for summary judgment, and (2) abused its discretion by
dismissing his remaining claims for want of prosecution.

          We affirm. 

BACKGROUND

Casa
Del Mar Condominiums are located in Galveston County.  The Association, made up of all condominium
unit owners, operates according to an ownership agreement: the Condominium
Declaration.  

A.  
General Declaration
Provisions Governing Special Assessments for Common Area Repairs

Article
V of the Declaration, entitled “Maintenance Assessments,” sets forth the general
rules governing the procedures and calculations for imposing the initial,
monthly, and special assessments on owners. 
With regard to special assessments, it provides:

5.6     SPECIAL ASSESSMENTS FOR IMPROVEMENTS:
In addition to the annual assessments authorized above, at any time the
Association may levy in any calendar year a special assessment applicable to
that year only, for the purpose of defraying, in whole or in part, the cost of
any construction or reconstruction, repair or replacement of improvements upon
the Common Area, including the necessary fixtures and personal property related
thereto, provided that any such assessment shall be approved by a two-thirds
(2/3) vote of the quorum of Owners voting in person or by proxy at a meeting
duly called for this purpose.      

 

B.  
Provisions
Governing Repair Costs Due to Fire or Other Disasters

Article
VI, entitled “Destruction or Obsolescence of Improvements,” also contains
provisions dealing with special assessments when the condominium suffers severe
damage from certain natural disasters. 
If insurance proceeds are insufficient to fund the repairs and the damage
to the Common Elements is less than 66 2/3% of the total value of the Common
Elements, then the Declaration provides that any deficient amount shall be
collected as a special assessment from each unit owner according to his or her
proportionate interest.  In relevant part, it states:

b.       Repair
and reconstruction of the improvement(s) . . . means restoring the
improvement(s) to substantially the same condition in existence prior to the
damage. . .

 

(1)           In the event of damage or destruction
due to fire or other disaster, the insurance proceeds, if sufficient to
reconstruct the improvement(s), shall be applied by the Association, as
Attorney-In-Fact, to such reconstruction, and the improvement(s) shall be
promptly repaired and reconstructed.

 

(2)
          If
the insurance proceeds are insufficient to repair and reconstruct the
improvement(s), and if such damage is not more than sixty-six and two-thirds
percent (66-2/3%) of all the Common Elements, not including land, such damage
or destruction shall be promptly repaired and reconstructed by the Association,
as Attorney-In-Fact, using the proceeds of insurance and the proceeds of an
assessment to be made against all of the Owners and their Condominium Units.  Such deficiency assessment shall be a special
assessment made pro rata according to each owner’s proportionate interest and
shall be due and payable within thirty (30) days after written notice thereof.

C.  
Hurricane
Ike Damage to Casa Del Mar

When
Hurricane Ike struck the Galveston coast in 2008, Casa Del Mar suffered
extensive damage and required repairs that totaled approximately $2.8 million.  It is undisputed that these needed repairs
totaled less than 66 2/3 % of the total value of the Common Elements.  Out of about $4.5 million submitted in
insurance claims, the Association actually received only $950,000 in insurance
proceeds.  The Association hired an
insurance-adjusting firm to help it navigate the process to maximize its
recovery.  

On
May 30, 2009, the Association conducted a vote of the owners on a special
assessment of $10,000 to cover the costs of Hurricane Ike repairs that had not
been reimbursed through insurance, with the representation that any additional
insurance proceeds collected would be refunded back to the owners.  A majority of the owners who voted, but less
than 2/3 of those owners, voted in favor of this $10,000 assessment.  The Association then called another meeting
on June 27, 2009 to vote on a reduced special assessment of $5,000 (to be paid
in two installments) for the same purpose and with the same understanding that
the assessment would be refunded if insurance proceeds were forthcoming.  This $5,000 special assessment was approved
by a 2/3 majority.  

THIS
LAWSUIT

On
July 8, 2009, Childress filed his original petition against the Association seeking
(1) a declaratory judgment that the “June 29, 2009 assessment of the
Plaintiff’s unit in the amount of $5,000.00 is unreasonable, illegal, and void,
and that the [Association]’s purported lien on the Plaintiff’s unit for its
collection and enforcement is improper, unenforceable, and null and void for
all purposes,” (2) a temporary restraining order “to prevent the [Association]
from enforcing an assessment against the condominium unit at issue in this
suit,” (3) a temporary injunction, (4) a permanent injunction, and (5) an award
of attorneys’ fees. 

The
following day, on July 9, 2009, the trial court issued Childress’s requested
temporary restraining order and scheduled a hearing on Childress’s request for
injunctive relief.  Before the hearing,
Childress filed a motion to certify the suit as a class action.  The Association filed a general denial and a
counterclaim for attorneys’ fees under the Declaration, as well as under Tex Prop. Code § 5.006 and Tex. Civ. Prac. & Rem. Code §§ 37.009, 38.001.  

On
August 31, 2009, the day of the temporary injunction hearing, Childress filed
his second amended petition adding claims against five of the Association’s
board of directors as individual defendants for allegedly committing ultra vires acts.  

A.  
The
Temporary Injunction Hearing

At
the hearing, Childress sought to demonstrate that there were irregularities in
the vote approving the $5,000 assessment. 
In response, the Association’s President, Thomas Martin, testified that
the board was empowered under section 6.1(b)(2) of the Declaration to impose
the $5,000 special assessment—without a
vote of the owners—to defray the repair costs caused by Hurricane Ike because
the insurance proceeds were insufficient to cover the repairs.  He explained that the special assessment vote
was nonetheless called because it is the board’s general philosophy that
special assessments should be made with input from the owners.  For this reason, in addition to disputing
that there were voting irregularities, the Association argued that no
improprieties in voting procedures could justify an injunction against
imposition of an assessment that was not required to be voted upon in the first
instance.  At the close of the hearing, the
court stated that it did “not hear any evidence about irregularities in the
election.”  While it posited that the
process for determining who casts votes for commercial spaces at Casa Del Mar is
“vague as to how it’s been done,” the court ultimately concluded that the issue
was “moot” because the vote “didn’t have to happen to have the
assessment.”  That fact, according to the
court, was as “clear as it can be in the declaration.”  The court then orally announced that the temporary
restraining order was dissolved and “this lawsuit is dismissed.”  When Childress’s attorney pointed out that he
had “other claims not related to this specific issue” pending, the court
clarified that “[a]ll these issues are dismissed.” 

The
court signed an order denying a temporary injunction, dissolving the temporary
restraining order, and dismissing Childress’s declaratory judgment action with
prejudice.    

B.  
The
Partial Summary Judgment 

On
March 25, 2010, the Association filed a traditional summary judgment motion on
its counterclaim seeking a declaration “consistent with [the court’s] ruling at
the Temporary Injunction hearing, that the assessment made the basis of this
suit is valid and enforceable,” and an award of $42,265 in trial attorneys’
fees, as well as conditional appellate fees, “pursuant to Civil Practice &
Remedies Code Ann, Section 37.001 et seq and Section
5.006 of the Texas Property Code.”     

Childress
responded by arguing that section 5.006 of the Texas Property Code, which
states the prevailing party shall be awarded attorneys’ fees in an action “based
on breach of a restrictive covenant pertaining to real property,” is not
applicable because there was no breach of restrictive covenant involved in this
action.  Childress further contended that
the court should exercise its discretion to decline to award attorney’s fees
or, alternatively, hold that fact issues existed about whether the fees sought
under the Declaratory Judgment Act were “reasonable, necessary, equitable, and just.”  On May 17, 2010, without specifying the
grounds, the court granted the Association’s motion for summary judgment,
awarding $20,000 in trial attorney’s fees, and additional, conditional
appellate fees. 

C.  
Dismissal for
Want of Prosecution

In
a letter dated May 15, 2010, the court notified Childress of its intent to
dismiss the remainder of his claims for want of prosecution on June 30, 2010 at
11:00 a.m., stating: “Unless you file a Motion to Retain and Appear IN PERSON
to show reason why this case should be retained, this case will be Dismissed for Want of Prosecution.”  In response, Childress filed a third amended
petition and a motion to retain on the day of the dismissal hearing.  This amended petition, which was filed at
10:14 a.m.—about 45 minutes before the dismissal hearing—dropped the only
remaining unlitigated claims against individual board
members and added claims against the Association for “declaratory relief that
obtaining emergency loans for Hurricane Ike related repairs were ultra vires acts,” and for money damages “based on improper loans.”  The motion to retain filed at 11:48 a.m.—after
the dismissal hearing—alleged as “cause why this case should not be dismissed
for want of prosecution”:

As Plaintiff
has timely filed a third amended pleading asserting new claims against
Defendant which have not yet been litigated, and this amended pleading is
Plaintiff’s live pleading in this case at the time of dismissal hearing, the
court should not dismiss this case for want of prosecution.

After
the dismissal hearing, the trial court dismissed the case without prejudice for
want of prosecution in an order signed July 2, 2010.[1]  Childress timely filed a Verified Motion to Reinstate, but his attorney did not appear at the hearing on
the motion, and the court denied the motion.  Childress’s motion for rehearing was denied
and he timely appealed the dismissal and summary judgment ruling.  He does not challenge on appeal the trial
court’s denial of his motion to reinstate. 


Summary
Judgment

In his first issue,
Childress contends the trial court erred by granting the Association’s motion
for summary judgment. 
Specifically, he argues that a fact issue exists as to whether the
Association waived its right to impose a special assessment unilaterally by
conducting a vote when one was not required. 
He further asserts that, if the vote was necessary because the
Association waived its right to forego the vote, a fact issue exists as to
whether the vote was “improper in that [the Association] double counted its own
votes in order to obtain the necessary two-third majority” by voting the
common, commercial units in favor of the assessment.  He thus asks us to reverse the trial court’s
summary judgment and “reverse and remand these claims to the trial court for a
full hearing.”  

In
response, the Association argues that the trial court’s summary judgment was
proper because the trial court correctly concluded that the Association was
empowered under section 6.1 of the Declaration to levy the special assessment
without a vote, such that any alleged irregularities in the vote would be
irrelevant.  The Association also
contends that the waiver argument Childress advances here was waived by his
failure to ever “argue[] in the trial court that the
Association waived its right to levy the assessment at issue without conducting
a vote of the membership.”  Moreover, the
Association insists that it cannot waive the right to levy an assessment for
repairs that it is required to make under the Declaration.  Allowing such a waiver, it asserts, would
lead to an untenable situation in which the Association is required to repair
Common Elements, but lacks the ability to collect money for those required repairs.    

A.  
Applicable
Law

We
review a trial court’s summary judgment de novo.  Mann Frankfort Stein
& Lipp Advisors, Inc. v. Fielding, 289 S.W.3d
844, 848 (Tex. 2009).  In a
traditional motion for summary judgment, the movant
must establish that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.  Tex. R. Civ. P. 166a(c).  To determine if a fact issue exists, we review
the evidence in a light most favorable to the nonmovant,
crediting favorable evidence if reasonable jurors could do so, and disregarding
contrary evidence unless reasonable jurors could not.  See Fielding, 289 S.W.3d
at 848 (citing City of Keller v. Wilson, 168 S.W.3d 802, 827 (Tex. 2005)).
 When, as here, the trial court’s summary judgment
order does not state the basis for its ruling, we must uphold the order if any
of the theories advanced in the motion are meritorious.  Provident Life &
Accident Ins. Co. v. Knott, 128 S.W.3d 211, 216 (Tex. 2003).

“The
elements of waiver are: (1) an existing right, benefit, or advantage; (2)
actual or constructive notice of its existence; (3) an actual intent to
relinquish that right.”  Hourani v. Katzen,
305 S.W.3d 239, 256 (Tex. App.—Houston [1st Dist.] 2009, pet. denied).  “The affirmative defense of waiver can be
asserted against a party who intentionally relinquishes a known right or
engages in intentional conduct inconsistent with claiming that right.”  Tenneco
Inc. v. Enter. Prods., Co., 925 S.W.2d 640, 642
(Tex. 1996).  A waivable
right may spring from law or a contract. 
Id.  Waiver can be shown by express renunciation
of a known right or by silence or inaction “for so long a period as to show an
intention to yield the known right.” Id.  

 Waiver is an
affirmative defense that must be pleaded. 
Tex. R. Civ. P. 94.  A nonmovant for
summary judgment must raise an affirmative defense in its summary judgment
response if the nonmovant seeks to rely upon that affirmative
defense to defeat summary judgment.  Alashmawi v. IBP, Inc., 65 S.W.3d 162, 169 (Tex.
App.—Amarillo 2001, pet. denied).  “Issues
not expressly presented to the trial court in writing shall not be considered
on appeal as grounds for reversal.”  Id. (citing Tex. R. Civ. P.
166a(c)).            

B.  
Application

Childress’s argument that the Association waived its right under
section 6.1 of the Declaration to levy a special assessment without a vote was
not presented to the trial court.  We may
not consider grounds for reversal of a summary judgment that were not expressly
presented to the trial court by written response to the motion.  Tello v. Bank One, N.A., 218 S.W.3d 109, 117
(Tex. App.—Houston [14th Dist.] 2007, no pet.); Tex. R. Civ. P. 166a(c).  Childress’s waiver argument was thus waived.

Childress’s argument that summary judgment was improper because
there were irregularities in the vote is dependent upon his waived argument
that the Association’s right to levy the assessment without a vote was
waived.  We overrule Childress’s first
issue.

Dismissal
for Want of Prosecution

          In his second issue, Childress argues
the trial court abused its discretion by dismissing his remaining claims for
want of prosecution.  Specifically, he
argues dismissal was not warranted because the Supreme Court’s disposition time
standards had not yet lapsed, and because he exercised diligence in prosecuting
his case. 

In
response, the Association argues that Childress’s failure to attend the motion
to reinstate hearing and his failure to request a record from that hearing
defeats his argument that the trial court abused its discretion because this
Court must presume that “the trial judge reviewed and found all necessary facts
to support the order.”  In addition, the
Association argues that the trial court’s dismissal was in compliance with
Texas Rule of Civil Procedure 165a(2)’s provisions
providing for the disposition of nonjury cases within a year, and in compliance
with Galveston County Local Rule 3.16(B) requiring cases be dismissed if no
motion to retain is filed within 30 days of a notice of intent to dismiss.  Finally, the Association contends that the
trial court properly dismissed Childress’s case pursuant to its inherent powers
because Childress completely failed to prosecute his case against the
individual board members.    

A.  
Applicable
Law

The trial court’s authority to dismiss for want of
prosecution stems from Rule 165a of the Texas Rules of Civil Procedure and the
court’s inherent power.  Villarreal v. San Antonio
Truck & Equip., 994 S.W.2d 628 (Tex. 1999).  A trial court may dismiss a case for want of
prosecution (1) when a party fails to appear at a hearing or trial, (2) when
the case has not been disposed of within the Supreme Court’s time standards
under its Administrative Rules, and (3) under the court’s expressed or inherent
power to dismiss when the case has not been prosecuted with due diligence.  Tex.
R. Civ. P. 165a; City
of Houston v. Robinson, 837 S.W.2d 262, 264 (Tex.
App.—Houston [1st Dist.] 1992, no writ) (“Rule 165a(4) quite clearly
states that the dismissal procedure described therein is ‘cumulative of the
rules and laws governing any other procedures available.’”).
 The Rules of Judicial Administration
provide that non-family-law civil jury cases should be brought to trial or
final disposition within 18 months after the appearance date, and civil nonjury
cases within 12 months after the appearance date.     

We review a dismissal
for want of prosecution for lack of diligent
prosecution under a clear abuse of discretion standard; the central issue is
whether the appellant exercised reasonable diligence.  MacGregor v. Rich, 941 S.W.2d 74,
75 (Tex. 1997).  A trial judge
abuses his discretion when he acts arbitrarily or unreasonably, or without
reference to guiding rules and principles. 
Downer v. Aquamarine Operators, Inc., 701 S.W.2d
238, 241–42 (Tex. 1985).  The trial court may consider the entire
history of the case, including the length of time the case was on file, the
amount of activity in the case, the request for a trial setting, and the
existence of reasonable excuses for delay. 
Robinson, 837
S.W.2d at 264.  No single factor is dispositive.  Id.

When determining
whether or not the trial court committed a clear abuse of discretion, we must
look at the record in its entirety.  City of Houston v. Thomas,
838 S.W.2d 296, 297 (Tex. App.—Houston [1st Dist.] 1992, no writ).  When the record does not contain findings of facts or conclusions
of law, and the trial court did not specify the standard of dismissal used, we
must affirm on the basis of any legal theory supported by the record.  Id.  

B.  
Application

According to Childress, the court’s dismissal was pursuant
to Rule
165a(2), which provides, “Any case not disposed of
within time standards promulgated by the Supreme Court under its Administrative
Rules may be placed on a dismissal docket.” See
Tex. R. Civ. P. 165a(2).  This
assertion is not supported by the record, as neither the notice of intent to
dismiss nor the dismissal order specify a ground for dismissal.  Rather, the dismissal notice states that the
case is set “on the dismissal docket for Wednesday, July 30, 2010, at 11:00 a.m.,”
and admonishes that “[u]nless you file a Motion to
Retain and Appear IN PERSON to show reason which this case should be retained,
this case will be Dismissed for Want of
Prosecution.”  The dismissal order likewise makes no
reference to Rule 165a(2), instead stating that the “Court set this matter for
its June 30, 2010 dismissal for want of prosecution hearing docket, and the
Court, after considering the pleadings on file with the Court and the arguments
of counsel finds that this case should be dismissed for want of prosecution.”  Because the trial court did not specify the
ground upon which it was dismissing Childress’s claims, we must affirm on any
legal ground supported by the record.  Thomas,
838 S.W.2d at 297. 

Childress filed
suit July 8, 2009, and the Association made its appearance on August 3,
2009.  After Childress filed his second
amended petition adding claims against individual board members on August 31,
2009, we have before us no evidence of activity towards prosecuting those
claims during the ten months between filing and the dismissal hearing.  On the morning of the July 2, 2010 hearing, Childress
dropped all his live claims and substituted for them a new claim against the
Association.  Although Childress had been
admonished that the case would be dismissed if no motion to retain was filed
before the dismissal hearing, he nonetheless failed to file a motion to retain
before the hearing.  And, while Childress
asserts that he “presented evidence that he diligently prosecuted this case” at
the hearing, no record of that hearing has been brought forth on appeal.  See Herrera v. Rivera, 281 S.W.3d 1, 6
(Tex. App.—El Paso 2005, no pet.) (“[S]ince there is
no record before us of the motion to dismiss for want of prosecution hearing,
we indulge every presumption in favor of the trial court’s findings and presume
that the evidence before the trial court was adequate to support its
decision.”); Allen v. Bentley Labs., Inc.,
538 S.W.2d 857, 861 (Tex. Civ. App.—San Antonio 1976, writ ref’d
n.r.e.) (“We have no statement of facts of the
hearing at which the trial court sustained the motions to dismiss for want of
prosecution, and therefore, must presume that appellants offered no reasonable
excuse . . . .”).   

Although less
than twelve months passed between the Association’s appearance
in this case and the trial court’s dismissal of Childress’s remaining claims,
we cannot conclude on this record that the trial court abused its discretion in
dismissing Childress’s remaining claims under its inherent powers.  See Douglas
v. Douglas, No. 01-06-00925-CV, 2008 WL 5102270, at *2 (Tex. App.—Houston [1st
Dist.] Dec. 4, 2008, pet. denied)
(mem. op.) (holding no abuse of discretion when trial
court dismissed suit after eight months of no substantial activity); Fox v. Wardy, 225 S.W.3d 198, 200 (Tex. App.—El Paso 2005, pet. denied)
(holding no abuse of discretion for dismissing suit after seven months); Bard v. Frank B. Hall & Co., 767 S.W.2d
839, 843 (Tex. App.—San Antonio 1989, writ denied) (although substantial
activity for two years, no abuse of discretion for dismissal after case lay
dormant for seven months).

We overrule Childress’s second issue.

Conclusion

          We
affirm the trial court’s judgment.

 

 

                                                                   Sherry
Radack

                                                                   Chief
Justice 

 

Panel
consists of Chief Justice Radack and Justices Bland and Huddle.

 











[1]
          We do not have a record of the
hearing on the dismissal, but Childress’s attorney stated in later filings that
the case was dismissed for want of prosecution “due to the failure of
plaintiff’s attorney to file a motion to retain prior to the hearing on the
Court’s motion to dismiss this case for want of prosecution.”