# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-19-00599-CV

---

**Bannum, Inc., Appellant**

**v.**

**Eugene Mees d/b/a Encore House, Appellee**

---

### FROM THE 419TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-07-002493, THE HONORABLE DUSTIN M. HOWELL, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Bannum, Inc. appeals from the district court's order dismissing its case for want of prosecution. Because we cannot conclude that the district court abused its discretion in dismissing the case, we affirm the judgment of dismissal.

## BACKGROUND

In August 2007, Christopher Tovar sued Bannum and appellee Mees over construction work Bannum had hired Tovar to do on property owned by Mees. Bannum filed counterclaims against Tovar, and Bannum and Mees filed cross-claims against each other. After years of litigation and disposition of several claims by either settlement or summary judgment, the case went to trial before a jury, with Bannum and Tovar aligned as plaintiffs against Mees. The jury returned a verdict against Bannum and Tovar in 2011, and the district court subsequently

rendered a take-nothing final judgment for Mees.[1] Bannum and Tovar appealed to this Court and the case was transferred to the Amarillo Court of Appeals, which affirmed the final judgment in part but reversed and remanded two of Bannum's claims. *See Bannum, Inc. v. Mees*, No. 07-12-00458-CV, 2014 WL 2918436, at *7 (Tex. App.—Amarillo June 24, 2014, no pet.) (mem. op.). The Amarillo Court of Appeals issued its mandate in October 2014, returning Bannum's case to the district court.

Three years later, in December 2017, Mees moved to dismiss Bannum's lawsuit for want of prosecution. Bannum responded by explaining that there had been no recent activity because its president, John Rich, was unavailable for deposition by Mees due to personal and business issues. Mees's motion to dismiss was not heard at that time.

One year later, in December 2018, the district clerk issued a notice that the case would be dismissed for want of prosecution in January 2019. Bannum responded with a motion to retain, which was set for hearing along with Mees's motion to dismiss. Ultimately, in July 2019, the district court issued an order granting Mees's motion to dismiss, denying Bannum's motion to retain, and dismissing all pending claims for want of prosecution. This appeal ensued.

## ANALYSIS

In one issue, Bannum argues that the district court abused its discretion in dismissing Bannum's claims because (1) the district court failed to provide a substantive analysis of guiding rules or principles; and (2) the case has a substantial litigation history and Bannum provided reasonable excuses for not presenting its president for deposition. We disagree.

---

[1] For a more in-depth discussion of the underlying facts and litigation, *see Bannum, Inc. v. Mees*, No. 07-12-00458-CV, 2014 WL 2918436, at *7 (Tex. App.—Amarillo June 24, 2014, no pet.) (mem. op.).

A trial court has the inherent power to dismiss a case not prosecuted with due diligence. *State v. Rotello*, 671 S.W.2d 507, 508–09 (Tex. 1984). To avoid dismissal for want of prosecution, Bannum had the burden to establish that he prosecuted his claim with reasonable diligence. *See In re Conner*, 458 S.W.3d 532, 534 (Tex. 2015) (orig. proceeding) (per curiam). When considering whether a party has exercised due diligence, the court may consider the entire history of the case, including whether the party requested a trial setting, the amount of activity in the case, how much time has passed, and the party's excuses for the delay. *See Rotello*, 671 S.W.2d at 509; *Dobroslavic v. Bexar Appraisal Dist.*, 397 S.W.3d 725, 729–30 (Tex. App.—San Antonio 2012, pet. denied); *Fontenot v. Brookshire*, No. 03-05-00378-CV, 2007 WL 1711768, at *2 (Tex. App.—Austin June 12, 2007, no pet.) (mem. op.) (citing *City of Houston v. Robinson*, 837 S.W.2d 262, 264 (Tex. App.—Houston [1st Dist.] 1992, no writ)). We review a trial court's decision to dismiss for want of prosecution for a clear abuse of discretion. *See MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997); *Enriquez v. Livingston*, 400 S.W.3d 610, 614 (Tex. App.—Austin 2013, pet. denied). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles. *See Walker v. Gutierrez*, 111 S.W.3d 56, 62 (Tex. 2003); *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

From the record before us, we cannot conclude that it was a clear abuse of discretion for the district court to dismiss the case. The record shows that the Amarillo Court of Appeals' mandate issued in October 2014, which had the effect of remanding Bannum's case to the district court. On remand, Bannum obtained a scheduling order in December 2015 and filed an amended petition in March 2016 but after that, its only activity in the case before Mees filed a motion to dismiss was entering into a Rule 11 agreement to suspend the scheduling order. After Mees's

3

motion to dismiss, Bannum's activities were limited to avoiding dismissal, not moving the case forward:

- December 2015—the district court issues scheduling order.

- March 2016—Bannum amends petition.

- May 2016—the parties enter into Rule 11 agreement "suspending all current deadlines pending the depositions of Eugene Mees and [Bannum's president] John Rich."

- December 2017—Mees files motion to dismiss for want of prosecution.

- January 2018—Bannum responds to Mees's motion to dismiss.

- December 2018—the district clerk issues notice of dismissal for want of prosecution.

- January 2019—Bannum files motion to retain.

- July 2019—the district court dismisses Bannum's claims for want of prosecution.

Notably, in the three years between the parties' Rule 11 agreement and the district court's order, Bannum did not schedule depositions or set the case for trial.

Referring to well-established abuse-of-discretion standards, Bannum argues that the district court abused its discretion because it "did not engage in any substantive analysis" and "rendered its decision without reference to any guiding rules or principles." *See Gutierrez*, 111 S.W.3d at 62 ("A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles." (citing *Downer*, 701 S.W.2d at 241–42)); *Walker*, 827 S.W.2d 833, 840 (Tex. 1992) ("[A] clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion."). Instead, Bannum contends, the district court "merely heard the arguments and, at the end of the arguments, stated 'I agree' with [Mees]'s argument, and granted the motion." But the abuse-of-discretion standard set forth in *Walker v. Packer* and other cases does not stand for the proposition that the trial court must provide an

4

analysis of its decision; rather, it requires that the trial court *correctly* analyze the law. *See Walker*, 827 S.W.2d at 840. Further, Texas appellate courts have impliedly acknowledged that trial courts are not required to provide such an analysis by adopting a standard of review for appeals where the trial court has not provided an explanation or basis for dismissal. *See, e.g.*, *Najera v. Martinez*, 557 S.W.3d 846, 849 (Tex. App.—El Paso 2018, no pet.) ("If the trial court does not specify under what ground it was exercising its authority to dismiss the case, we may affirm the trial court's ruling under any applicable theory of law."); *Wells Fargo Bank, N.A. v. Edwards*, No. 04-11-00527-CV, 2012 WL 2021803, at *5 (Tex. App.—San Antonio June 6, 2012, no pet.) (mem. op.) ("When the trial court's order does not state a particular reason for the dismissal, we will affirm the judgment under any applicable legal theory."); *Harvey v. Wetzel*, No. 03-03-00608-CV, 2004 WL 1685879, at *3 (Tex. App.—Austin July 29, 2004, no pet.) (mem. op.) ("[B]ecause the trial court did not specify under what ground it was exercising its authority to dismiss [the] case, we may affirm the judgment under any applicable legal theory."); *City of Houston v. Thomas*, 838 S.W.2d 296, 297 (Tex. App.—Houston [1st Dist.] 1992, no writ) ("Because the record does not contain findings of facts or conclusions of law, and the trial court did not specify the standard of dismissal used, we must affirm on the basis of any legal theory supported by the record.").

Regarding the merits of the dismissal, Bannum attributes the delay in prosecuting its claims to the fact that Bannum's president, John Rich, was unavailable for deposition because he was going through an acrimonious divorce, raising his young children as a single parent, and addressing Bannum's declining business and related litigation issues. But these excuses relate only to Rich's availability for deposition by Mees; they do not explain Bannum's lack of effort and activity in other areas of the case. Regardless, the district court could have concluded that Rich's unavailability for deposition did not outweigh the other factors it could consider in deciding

5

whether to dismiss, including that the case had been on file since 2007 and had been remanded from the appellate court since 2014, that there had been very little activity in the case since remand, and that Bannum had not requested a trial date. *See, e.g.*, *Robinson*, 837 S.W.2d at 264 ("The trial court may consider the entire history of the case, including the length of time the case was on file, the amount of activity in the case, the request for a trial setting, and the existence of reasonable excuses for delay. . . . No single factor is dispositive.").

Bannum also faults Mees's attorney for failing to inquire about dates for deposing Rich and for failing to respond to its offer to set the matter for trial. But it was Bannum's responsibility to prosecute the case; Mees had no duty to advance Bannum's case. *See Conner*, 458 S.W.3d at 534 ("A plaintiff has a duty to 'prosecut[e] the suit to a conclusion with reasonable diligence.'" (quoting *Callahan v. Staples*, 161 S.W.2d 489, 491 (Tex. 1942)). Further, the record shows that Bannum did not offer to set a trial date until after the district court issued the notice of dismissal. Actions taken after a motion to dismiss is filed or a notice of dismissal is issued, including the obtaining of a trial setting, do not affect the analysis of whether a plaintiff exercised reasonable diligence in prosecuting its case. *See In re Bordelon*, 578 S.W.3d 197, 202 (Tex. App.—Tyler 2019, no pet.) (orig. proceeding) ("Actions taken after a motion to dismiss is filed, including the obtaining of a trial setting or filing of a jury demand, do not enter into the analysis of whether diligence has been exercised."); *Bjorkstam v. Woodward, Inc.*, No. 14-14-00927-CV, 2016 WL 1072298, at *3 (Tex. App.—Houston [14th Dist.] Mar. 17, 2016, no pet.) (mem. op.) (noting that "activity in the case and appellants' related excuses occurring after the filing of the motion to dismiss do not affect the analysis of whether appellants exercised reasonable diligence in prosecuting their case"); *Harrison v. Employees Ret. Sys. of Tex.*, No. 03-09-00259-CV, 2010 WL 2629893, at *3 (Tex. App.—Austin July 1, 2010, no pet.) (mem. op.) (affirming dismissal

6

after there was no activity for twenty-seven months and reasoning that evidence of the plaintiff's diligence after the filing of the motion to dismiss did "not explain or alleviate the lack of diligence prior to the motion to dismiss").

Finally, Bannum asserts that the entire history of the case—particularly the pre-remand jury trial and subsequent appeal and the paper discovery that the parties engaged in after the case was remanded—shows that Bannum intended to pursue its claims, not abandon them. But the relevant inquiry in a dismissal for want of prosecution is whether Bannum prosecuted its suit to a conclusion with reasonable diligence, not whether it intended to pursue its claims. *See Conner*, 458 S.W.3d at 534. As explained above, the record supports the district court's conclusion that Bannum stopped prosecuting its case after the parties entered into the Rule 11 agreement.

On this record, we cannot say that the district court abused its discretion in dismissing Bannum's case for want of prosecution. Accordingly, we overrule Bannum's issue.

## CONCLUSION

We affirm the district court's judgment of dismissal.

_____
Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Baker and Triana

Affirmed

Filed: February 9, 2021

7